In re SCHILLER.

(District Court, W. D. Virginia. August 26, 1899.)

1. BANKRUPTCY—REVIEW OF REFEREE'S DECISION—PETITION.

A party desiring to have the court of bankruptcy review an order made by the referee must file with the referee his petition for such review, as required by General Order No. 27 (18 Sup. Ct. viii).   In default of such petition, the application for review will be dismissed.

2. SAME—MEETINGS OF CREDITORS—NOTICE.

An objection by an involuntary bankrupt to the regularity of a first meeting of his creditors, and to the validity of proceedings had thereat, on the ground that the notices of such meeting were prepared by the referee before the bankrupt's own list of creditors was filed, whereby it resulted that some of the creditors were not notified, will not be sustained when it appears that the bankrupt's list of creditors was not filed within the time limited by the law, and was incomplete and imperfect.

In Bankruptcy.

C. A. McHugh, for bankrupt.

Scott & Staples and A. L. Payne, for creditors.

PAUL, District Judge. In this case the judge of this court is asked to review the action of the referee, G. H. Penn, in overruling the objection of the attorney for the bankrupt to the referee holding the first meeting of creditors on the 15th day of August, 1899. The question certified is thus stated by the referee:

"I, G. H. Penn, one of the referees of said court in bankruptcy, do hereby certify that in the course of the proceedings of said cause before me the following question arose pertinent to said proceedings: Rebecca Schiller, by her counsel, C. A. McHugh, appeared on the 15th day of August, A. D. 1899, at the first meeting of creditors held in my office in the city of Roanoke, state of Virginia, and at the opening of said meeting, and before any business had been transacted, and, stating that he appeared only for that purpose, objected to the regularity and validity of that meeting, and to the election of a trustee, and any other proceedings that might be had thereat, on the ground that the meeting had not been called in accordance with the requirements of the act of congress, in that the notice to the creditors had not been prepared by the referee from the list of creditors supplied by the bankrupt, as provided by section 58 of the act, but had been prepared by the referee before the bankrupt had filed her list of creditors; and that, in consequence thereof, many of the creditors whose names appeared in the list furnished by the bankrupt received no notice of said meeting."

This application for a review of the decision of the referee should properly be dismissed on the ground that the bankrupt, the party objecting to the action of the referee, has not complied with the requirements of rule 27 of general orders and forms in bankruptcy, established by the supreme court (18 Sup. Ct. viii.). That rule is as follows:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

In considering the question certified, without filing with the referee the petition required by rule 27, it is not to be understood that this important requirement will not be strictly enforced in other cases. Its importance need not be pressed upon the attention of referees and attorneys. In view of the large interests involved, and the daily loss to creditors by delaying a sale of the property of the bankrupt estate, consisting of a very large stock of merchandise, the question certified will be passed upon and settled. In this case certain creditors of Rebecca Schiller, the bankrupt, on the 29th of June, 1899, filed their petition, praying that she be adjudged a bankrupt, and she was so adjudged on the 29th day of July, 1899. The order of reference was to August 15, 1899, and the first meeting of creditors was called for the same day. It was to the regularity and validity of this meeting that the bankrupt, by her counsel, objected, for the reason stated in the certificate of the referee. Section 7, clause 8, of the bankrupt law makes it the duty of an involuntary bankrupt to "prepare, make oath to, and file in court, within ten days, unless further time is granted, after the adjudication, if an involuntary bankrupt, and with the petition if a voluntary bankrupt, a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors, showing their residence, if

96 F.—26

known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any." What purports to be a schedule made in pursuance of this requirement of the bankrupt law was not made until the 11th day of August, 1899, after the expiration of 10 days from the date of the order of adjudication, which was July 29, 1899, and no further time had been granted. Not only was what is termed a schedule not filed with the referee within the statutory limitation of 10 days, but the paper filed with the referee in scarcely any particular complies with the requirements of the statute. The description given of the property owned by the bankrupt is very general in its terms. Under the head of a list of her creditors, showing their residences, "the amounts due each of them, the consideration thereof, the security held by them, if any," nothing is stated but a list of the names of the bankrupt's creditors and their residences. Thus: "Argus Manufacturing Co., Richmond, Va. Armstrong, Cator & Co., Baltimore, Md. Baras & Rice, Philadelphia, Pa.," and so on, giving a list of more than 100 creditors, with no further compliance with the provisions of the statute than giving the names and residences of creditors. The referee was correct in his decision in overruling the objections of the attorney for the bankrupt on two grounds: First, the list of creditors was not filed within 10 days after the adjudication; and, second, the requirements of the statute were not complied with by giving the amount due each creditor, the consideration thereof, and the security held by them, if any. The decision of the referee is sustained.